JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

B-01-012

## I. (a) PLAINTIFFS
MARGARITO MALDONADO

## DEFENDANTS
GULF PACKING COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **CAMERON**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MIGUEL SALINAS  (956) 574-9502
GARZA & SALINAS, L.L.P.
680 E. St. Charles, Suite 110
Brownville, Texas 78520

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

ADA, 42 U.S.C. §12101 This is a claim of employment discrimination
ADA, 29 U.S.C. §623 based on plaintiff's Age (61) and disability (heart & footdrop)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  01/17/2001

SIGNATURE OF ATTORNEY OF RECORD  /s/ Miguel Salinas

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAN 17 2001

Michael N. Milby
Clerk of Court

| MARGARITO L. MALDONADO | § | |
| --- | --- | --- |
| | § | |
| | § | CIVIL ACTION NO. B-01-012 |
| VS. | § | JURY DEMAND |
| | § | |
| GULF PACKING CO. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARGARITO L. MALDONADO hereinafter referred to by name or alternatively as plaintiff, and hereby complaints of defendant, GULF PACKING CO. hereinafter referred to as defendant. In pursuit of his causes of action plaintiff respectfully shows unto the Court and jury the following:

### PARTIES

1.  Plaintiff, MARGARITO MALDONADO, resides at 2935 Dana Street, Brownsville Cameron County, Texas 78521.

2.  Defendant, GULF PACKING COMPANY, is a domestic corporation formed under the laws of Texas and is situated at 618 Commerce, San Benito, Texas 78586 and may be served with process herein by serving its registered agent for service, Mr. Neal Bonner, 210 South 2nd Street, Harlingen, Texas 78550.

3.  This is an action for damages to secure protections of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-3 et seq. (hereafter "Title VII"), providing for relief against discrimination in employment; the American with Disabilities Act , 42 U.S.C. § 12101, (hereafter

ADA) and the Age Discrimination in Employment Act of 1967, as amended in 1978 29 U.S.C. § 623, (hereafter ADEA).

## FACTUAL ALLEGATIONS

4. The injuries and damages suffered by the Plaintiff and made the basis of this action occurred in Cameron County, Texas. At such time and place, MARGARITO MALDONADO, was an employee of Gulf Packing Company

5. The Plaintiff was an individual born on October 25, 1938. In that he was 61 years of age at the time of the incidents made the basis of this lawsuit, he fell within a protected class under Title VII of the Civil Rights Act of 1964. As well as the Age Discrimination in Employment Act of 1967, as amended in 1978 (29 U.S.C. §623).

6. In addition, the Plaintiff was an individual who suffered from Heart Disease and Footdrop (Fixed Equinus). As such he fell within a protected class under the Americans with Disabilities Act.

7. The Defendant, Gulf Packing Company is an employer with more than 15 employees. As such, Plaintiff is protected from the illegal and discriminatory action described herein.

8. The Plaintiff was employed by Defendant as the Plant Superintendent. For the 19 years he worked at the company he was a loyal, dedicated and hardworking employee who was an asset to his company. Despite this, he was terminated as the culmination of discriminatory treatment he received on account of his age and disability, perceived disability.

9. Towards the end of Plaintiff's tenure with the company, he noticed a palpable difference in the way he was treated by his supervisor Carlos Salinas. Specifically,

Salinas directed profane and disparaging comments at the Plaintiff, calling him a "puto, faggot, pendejo, pinche puto and queer." He also started to pressure the Plaintiff by accusing him of work related failures that were occasioned by other people and falsely accusing him of leaving his post early. When the Plaintiff complained of the treatment, he was told by Salinas that he was the owner and if he didn't like it he could quit the company.

10. In 1995, the Plaintiff suffered a heart condition that required open heart surgery. He also suffered from footdrop that caused him discomfort and affected his ability to stand for long periods of time. Despite this, the Plaintiff could and did perform the essential functions of his job. Nevertheless, when Plaintiff returned to work from his surgery he was constantly reminded of his condition by co-owner Charles Booth who called the Plaintiff "a walking time bomb" and made other allusions that his heart condition was a detriment to the company. In addition, Mr. Booth discussed Plaintiff's foot condition and expressed his concerns on whether the Plaintiff could continue in his position as the Plant Superintendent.

11. The discriminatory conduct culminated on September 3, 1999, when without warning the Plaintiff was told his position was being eliminated and that he was being fired. The Plaintiff asked if he could have another position even if it meant less pay. He was told that he was no longer needed.

12. Within 300 days of the occurrence of the acts complained of, Plaintiff filed his complaint with the Equal Employment Opportunity Commission alleging that the Defendant had committed an unlawful employment practice against the Plaintiff. Plaintiff received from the Equal Employment Opportunity Commission a "Right to

Sue" letter allowing Plaintiff to file this lawsuit within 90 days of its receipt. All conditions precedent to the filing of this lawsuit as required by law have been performed or have occurred.

13. Plaintiff asserts that the acts of the defendant are of a repetitive nature, each act having a relationship to the other acts of discrimination. As such, defendant's actions amount to a continuing violation of the rights of the plaintiff protected under Title VII.

14. Plaintiff further asserts and intends to prove that the treatment received by the Plaintiff was a pattern and practice engaged in by the defendant towards the Plaintiff and others similarly situated. This unwritten plan or scheme was to discriminate against and/or eliminate many of its older and/or disabled employees. Plaintiff would further show that defendant habitually and repeatedly engaged in a pattern of discrimination and/or retaliation towards the plaintiff and others similarly situated.

15. Plaintiff sues the defendant for causes of action under the Americans with Disabilities Act, and the Age Discrimination in Employment Acts of 1967.

16. As a result of the incidents described above, that is made the basis of this suit, plaintiff has suffered mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of his natural life. Plaintiff has further been caused a los of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earning will continue long into the future. In that defendant acted with actual malice and malice, Plaintiff further requests that exemplary

damages be awarded a... the defendant...

17. This lawsuit involves an a... controversy within this Court's jurisdiction. Thus, the Court may declare the ri... ...nd other legal relations of the plaintiff and grant such other necessary and pro... ...lief allowed by a declaratory judgment.

18. By reason of the allega... ...f this petition, plaintiff is entitled to recover attorney fees in a sum that is re... ...ble and necessary. In this connection, plaintiff will show that he has employ... ...orneys to assist him in the prosecution of this action. A reasonable attorney... ...further requested for the work expended in the preparation and trial of... ...ause along with a reasonable fee for any and all appeals to other courts... ...nately successful in the case, plaintiff fully expects that the defendant w... ...this case. Plaintiff seeks attorneys fees to compensate the plain... ...the attorneys fees he has and will incur in the prosecution of this laws... ...trial and on appeal. Plaintiff further pleads for the recovery of reasonab... ...ary expenses for the use of paralegals and/or law clerks who assiste... ...ecution of the case. As permitted, plaintiff also seeks to recoup all litig... ...nses expended in the prosecution of this lawsuit. Attorneys' fees are pe... ...le VII and by the American with Disabilities Act.

19. The Plaintiff requests... ...l.

20. WHEREFORE PREMI... ...DERED, plaintiff prays that this Honorable Court grant the following:

   a) Judgment aga... ..., for the relief listed above and as otherwise permitted by la...

   b) Prejudgment i... ...ved by law;

c)  Attorney and l[...] nd expenses;

d)  Interest on sai[...] he legal rate from date of judgment;

e)  For costs of su[...]

f)  Such other rel[...] t deems proper.

Respectfully submitted,

GARZA & SALINAS, LLP
ATTORNEYS AT LAW

By: *Miguel Salinas* (signature)

MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
956/574-9502 Telephone
956/574-9506 Telefax
TEXAS BAR NO. 17534750

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

MARGARITO MALDONADO

v.

GULF PACKING COMPANY

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-01-012

TO: (Name and Address of Defendant)

Gulf Packing Company throught its Registered Agent
for Service:   Neal Bonner
               2100 South 2nd Street
               Harlingen, Texas 78550

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

MIGUEL SALINAS
680 E. St. Charles, Suite 110
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE   1-17-01