2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 5 2001

Michael N. Milby
Clerk of Court

MARGARITO L. MALDONADO,        §
  Plaintiff,    §
         §
v.         §
         §  CIVIL ACTION NO. B-01-012
GULF PACKING CO.,   §
  Defendant   §  JURY TRIAL DEMANDED

## DEFENDANT'S ORIGINAL ANSWER

  GULF PACKING CO., the Defendant, answers the Original Complaint ("the Complaint") filed by Margarito L. Maldonado, the Plaintiff, as follows:

  1. The Defendant, on information and belief, admits to the allegations set forth in paragraph 1 of the Complaint.

  2. Defendant admits to the allegations set forth in paragraph 2 of the Complaint.

  3. Defendant admits to the allegations set forth in paragraph 3 of the Complaint, only insofar as this is an action wherein the Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act and the Age Discrimination in Employment Act of 1967, as amended, but the Defendant denies any liability whatsoever under the said laws, and further denies any and all liability under any claim or theory of liability, and otherwise denies the allegations set forth therein.

  4. The Defendant admits to the allegations set forth in paragraph 4 of the Complaint, only insofar as the Plaintiff at one time was an employee of the Defendant, and that such employment occurred in Cameron County, Texas, and otherwise denies the allegations set forth therein.

  5. The Defendant, on information and belief, admits to the allegations set forth in paragraph 5 of the Complaint only with respect to the Plaintiff's date of birth, and otherwise denies the allegations set forth therein.

  6. The Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 6 of the Complaint with respect to illnesses or health conditions

alleged by the Plaintiff, and therefore such allegations are denied, and the Defendant otherwise denies the allegations set forth therein.

7.     The Defendant admits to the allegations set forth in paragraph 7 of the Complaint, only insofar as the Defendant is an employer with more than fifteen employees, and otherwise denies the allegations set forth therein.

8.     The Defendant admits to the set forth in paragraph 8 of the Complaint, only insofar as the Plaintiff was employed by the Defendant for some nineteen years, and otherwise denies the allegations set forth therein.

9.     The Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10.     The Defendant admits to the allegations set forth in paragraph 10 of the Complaint, only insofar as the Plaintiff underwent surgery for a heart condition and reported discomfort to his foot, and only insofar as Charles Booth would, on occasion, express genuine concern over the Plaintiff's health and well being, and only insofar as the Plaintiff, despite such conditions, was regarded as able to perform the essential functions of his job, and otherwise the Defendant denies the allegations set forth therein.

11.     The Defendant admits to the allegations set forth in paragraph 11 of the Complaint, only insofar as the Plaintiff was told on or about September 3, 1999 that the reason for his dismissal was the elimination of his position, and otherwise denies the allegations set forth therein.

12.     The Defendant presently is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 12 of the Complaint, and such allegations therefore are denied.

13.     The Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14.     The Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15.     The Defendant admits to the allegations set forth in paragraph 15 of the Complaint, only insofar as the Plaintiff alleges causes of action under the Americans With Disabilities Act and the Age Discrimination in Employment Act of 1967, but the Defendant denies any liability under

CISPDF - www.fesiso.com

the said laws, and further denies any and all liability whatsoever, and otherwise denies any and all allegations set forth therein.

16.   The Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.   The Defendant admits to the allegations set forth in paragraph 17 of the Complaint, only insofar as the this Court properly has jurisdiction over the lawsuit, but otherwise denies the allegations set forth therein.

18.   The Defendant denies the allegations set forth in paragraph 18 of the Complaint, and denies that the Plaintiff is entitled to any recovery, including a recovery of attorney's fees.

19.   The Defendant admits to the allegations set forth in paragraph 19 of the Complaint, only insofar as the Plaintiff's requests a trial by jury, but otherwise denies any and all allegations set forth therein, and further denies the Plaintiff's right to recovery, on any basis.

20.   The Defendant denies that the Plaintiff is entitled to any of the relief sought on his prayer for relief, as set forth in paragraph 20 of the Complaint.

21.   Any and all allegations which have not heretofore been admitted to or denied are hereby denied.

22.   The Defendant, while denying any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to set forth the claims for which relief may be granted.

23.   The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to timely and properly exhaust the administrative prerequisites for bringing claims under the Age Discrimination in Employment Act of 1967 and under the Americans With Disabilities Act, and the Court therefore is without jurisdiction over this cause.

24.   The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to set forth any claim cognizable under Title VII of the Civil Rights Act of 1964, as amended.

25.   The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to mitigate his damages, if any, and the Defendant, in any event, is entitled to an offset for all amounts which the Plaintiff has earned or received, or in the exercise

of reasonable diligence should have earned or received, since the date on which his employment terminated.

26.    The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's dismissal was solely as a result of the elimination of his position and that he therefore has no right to recover on any theory of employment discrimination.

27.    The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant had in place, and had disseminated to its employees, policies and workrules which prohibit the type of discrimination alleged by the Plaintiff, such that the Plaintiff cannot in any event recover punitive damages.

28.    The Defendant, continuing to deny any and all liability, nonetheless affirmatively plead that it is entitled, in any event, to an offset for all amounts received as unemployment compensation by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Gulf Packing Co., the Defendant, prays that the Plaintiff take nothing on his claims, and that the Defendant be allowed to go hence with its costs, and further be granted general relief.

Respectfully submitted,

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642

4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the above and foregoing document was forwarded on this the ___5___ day of February, 2001, upon the following counsel of record and interested parties:

Mr. Miguel Salinas
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520

Raymond A. Cowley