IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARGARITO L. MALDONADO, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. B-01-012 |
| v. § | |
| § | |
| GULF PACKING CO., § | |
| Defendant § | JURY TRIAL DEMANDED |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff MARGARITO L. MALDONADO, and Defendant GULF PACKING CO. file their Proposed Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identifies the counsel who attended for each party.

    The Rule 26(f) meeting was held on May 24, 2001. Miguel Salinas attended for the plaintiff. Teri L. Danish attended for the defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. Briefly describe what this case is about.

    The plaintiff alleges discrimination in employment on the basis of age and disability.

4. Specify the allegation of federal jurisdiction.

    Jurisdiction is proper in this court on the basis of claims brought under 42 U.S.C. §§621, et seq. (ADEA) and 42 U.S.C. §§12101, et seq. (ADA), both of which present federal questions.

5. Name the parties who disagree and the reasons.

    The parties are in agreement that jurisdiction is proper in this Court.

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

7.   List anticipated interventions.

    None.

8.   Describe class-action issues.

    None.

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Plaintiff will serve initial disclosures within seven days of the date this Order is filed. Defendant served disclosures to Plaintiff on April 25, 2001.

10.   Describe the proposed agreed discovery plan, including:

A)   Responses to all the matters raised in Rule 26(f).

    All issues raised in Rule 26(f) were addressed.

B)   When and to whom the Plaintiff anticipates it may send interrogatories.

    Plaintiff will propound interrogatories on Defendant within the discovery period.

C)   When and to whom the Defendant anticipates it may send interrogatories.

    Defendants will propound interrogatories on Plaintiff within the discovery period.

D)   Of whom and by when the Plaintiff anticipates taking oral depositions.

    Plaintiff anticipates taking the oral deposition of Charles Booth and Carlos Salinas, and perhaps others.

E)   Of whom and by when the defendant anticipates taking oral depositions.

    Defendant anticipates taking the Plaintiff's deposition within 60 days of the initial pretrial conference and taking depositions of fact and expert witnesses, if any, within the discovery period.

F)   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when

the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate experts, if any, and will provide required reports by 60 days before the end of the discovery period. Defendant will designate experts, if any, and will provide expert reports by 30 days before the end of the discovery period.

G) List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Expert depositions shall be completed by Plaintiff within 30 days of the end of the discovery period.

H) List expert depositions the opposing party anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Expert depositions shall be completed by Defendants by the end of the discovery period.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties agree.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

October 31, 2001.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties will consider mediation at a time deemed appropriate by parties and counsel.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have discussed mediation, and concur that mediation may be appropriate after the completion of some discovery.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Mediation appears to be the technique most reasonably suitable in this case. The month of October appears to be the most appropriate time.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Jury demand was promptly made by Plaintiff.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate approximately 30 hours to complete the trial.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None pending.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Miguel Salinas
    680 E. St. Charles, Ste. 110
    Brownsville, Texas 78520
    Telephone: (956) 574-9502
    Facsimile: (956) 574-9506
    State Bar No. 17534750
    Federal No. 15171
    Attorney for Plaintiff

    Raymond A. Cowley
    Fed. No. 8642
    State Bar No. 04932400
    Teri L. Danish
    State Bar No. 05375320
    Fed. No.12862
    Rodriguez, Colvin & Chaney, L.L.P.
    4900 A-2 N. 10th St.

McAllen, Texas 78504
Telephone: (956) 686-1287
Facsimile : (956) 686-6197
Attorneys for Defendant

Respectfully submitted,

*Miguel Salinas (w/permission Teri L. Danish)*

Miguel Salinas
State Bar No. 17534750
Federal No. 15171

680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
Telephone: (956) 574-9502
Facsimile: (956) 574-9506

ATTORNEY FOR PLAINTIFF

*Teri L. Danish*

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal No. 8642

4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

ATTORNEY FOR DEFENDANT

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**
Teri L. Danish
State Bar No. 05375320
Fed. No. 12862

## CERTIFICATE OF SERVICE

I, Teri L. Danish, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on the 24th day of May, 2001.

Miguel Salinas
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520

_____
Teri L. Danish