

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITO L. MALDONADO, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-01-012 |
| v. | § | |
| | § | |
| GULF PACKING CO., | § | |
| Defendant | § | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Gulf Packing Company ("Gulf Packing") moves the Court for a Protective Order in connection with discovery served by plaintiff, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

### I.

### Background

Plaintiff filed his lawsuit on January 17, 2001 alleging age and disability discrimination in violation of the Age Discrimination in Employment Act and the American with Disabilities Act. On May 31, 2001, the Court entered a scheduling order setting the deadline for *completion* of discovery on October 31, 2001. The scheduling order also requires that dispositive motions be filed by November 15, 2001.

Plaintiff conducted no discovery in this case until October 31, 2001. At that time, plaintiff served Gulf Packing with his first set of interrogatories and requests for production (Exhibit A attached).

## II.

### Gulf Packing Would Be Unfairly Prejudiced By Having To Respond To Plaintiff's Discovery

Plaintiff has utterly failed to prosecute his case with absolutely no justification. Plaintiff has taken no depositions, and conducted no written discovery prior to October 31, 2001, the deadline for discovery and nearly eleven months after filing his lawsuit. In contrast, Gulf Packing has fully complied with its discovery obligations and has filed its motion for summary judgment. Gulf Packing's responses to plaintiff's discovery would not be due until 30 days after the discovery deadline set by the Court, and shortly before its dispositive motion would be ripe for determination. This case is also currently set for trial in January 2002. Plaintiff's late attempts to conduct discovery could thus unreasonably delay disposition of this case to Gulf Packing's detriment. As a result, Gulf Packing respectfully requests that the Court enter a protective order relieving Gulf Packing from having to respond to plaintiff's untimely discovery.

Respectfully submitted,

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal No. 8642
Teri L. Danish
State Bar No. 05375320
Fed. No. 12862
1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax : (956) 541-2170

ATTORNEYS FOR DEFENDANT

GULF PACKING COMPANY

## CERTIFICATE OF CONFERENCE

On October 31, 2001, counsel discussed whether this motion would be necessary.

Plaintiff's counsel indicated his opposition to this motion.

**CERTIFICATE OF SERVICE**

I, Teri L. Danish, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on the 15th day of November, 2001.

Mr. Miguel Salinas
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520

Teri L. Danish

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITO L. MALDONADO, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-01-012 |
| v. | § | |
| | § | |
| GULF PACKING CO., | § | |
|     Defendant | § | JURY TRIAL DEMANDED |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Defendant Gulf Packing Company's Motion for Protective Order was presented to the Court for determination. Having considered the motion and arguments of counsel, the Court hereby GRANTS Defendant's Motion for Protective Order.

It is therefore ORDERED that Defendant Gulf Packing Company is relieved of its obligations to respond to plaintiff's written discovery served on October 31, 2001.

_____
JUDGE PRESIDING

# THE LAW OFFICE OF MIGUEL SALINAS

### ATTORNEY AND COUNSELOR AT LAW

803 Old Port Isabel Rd.• Brownsville, Texas 78521
956/550-1115 (Telephone) 956/550-1134 (Facsimile)

October 31, 2001

On this 31st day of October, 2001 Plaintiff's First Set of Interrogatories and Request for Production were hand delivered to RODRIGUEZ, COLVIN & CHANEY, L.L.P. .

Received by: _____



**EXHIBIT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MARGARITO L. MALDONADO** | § | |
| | § | |
| | **1.** | **CIVIL ACTION NO. B-01-012** |
| **VS.** | § | |
| | § | |
| **GULF PACKING COMPANY** | § | |

## PLAINTIFF MARGARITO MARLDONADO'S
## FIRST SET OF INTERROGATORIES TO DEFENDANT

**TO:**   Defendant, GULF PACKING COMPANY by and through his attorney of record:

Hon. Terry Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

Pursuant to the provisions of the Federal Rules of Civil Procedure, the undersigned party propounds the following interrogatories. These questions are now being served on your attorney noted above and they should be answered in accordance with Federal Rules of Civil Procedure.

In answering the following interrogatories and responding to the following requests, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer a question or respond to a request in full after exercising due diligence to secure the information or item requested, so state in your answer or response, and to the extent possible, answer or respond stating whatever information or knowledge you have..

The interrogatories which follow are to be considered as continuing. You are requested to provide, by way of supplemental answers hereto, additional information as

you or any other person acting on your behalf may hereafter obtain it, which will augment or otherwise modify your answers given to the questions below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

## INSTRUCTIONS

As used herein, the following terms shall have the meaning indicated below:

1.    "Advertisements" mean any type or form of promotion, publicity, etc., including, but not limited to, radio, television, film, video, newspaper, Internet, E-mail, circulars, coupons, catalogs, electronic bulletin boards, signs, listings with services, listings in job fairs or job banks, products inserts, catalog inserts, "yellow pages" or other directories, flyers, print ads, promotional literature, billboards, posters, and brochures.

2.    "Back-Up Tapes" means magnetic tape storage or archiving "Electronic Information" originally contained on a "Computer System".

3.    "Benefits" or "fringe benefits" shall mean anything of value received, including but not limited to, life insurance policies or plans, health insurance policies or plans, dental insurance policies or plans, disability insurance policies or plans, paid vacation, paid sick days, paid personal days, severance payments or packages, tuition reimbursement payments or plans, company picnics or parties, company retreats, company award programs at resorts that are paid for by the company, below market interest loans, credit union membership, motor vehicles provided, car allowances, annuities, pension payments or plans, matching 401(k) or other pension funds, employee awards or rewards programs, cafeteria plan benefits, programs that permit an employee to receive pay in a manner in which the employee gets tax benefits if the employee uses the income to pay for day care, deductibles on insurance payments, company owned tickets to sporting, musical, or other entertainment events, use of country clubs or other clubs of which the employer is a member, or any other type of perks or perquisites.

4.    "Communication means any oral or written utterance, notation, or statement of any nature whatsoever, by an to whomsoever made including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultation, agreements, an other understandings between or among two or more persons.

5.    "Computer or Computer Equipment" means all data processing equipment, including but not limited to, central processing units, tape drives, drum and disk storage devices, control units, input devices, and outpatient devices; all unit record equipment, including but not limited to, accumulators, calculators, and sorters; all record storage and retrieval equipment, including but not limited to, microfilm storage and retrieval apparatus, and audiovisual storage and retrieval apparatus.

6.    "Computer Application" means a program that performs a specific task or function including, e-mail messaging, word processing, or spread sheets.

7.    The term "computer data" means any documents, information or date ever placed into or stored on any of your computers, including, but not limited to, the hard drive, lap tops, disks, storage systems, retrieval systems and similar systems, E-mails, Internet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and any other programs.

8.    "Computer or Electronic information or data or database" means all written or numerical information or data that is inputted, processed, or contained in the "Computer System for any purpose.

9.    "Computer Log" means "Computer Systems" usage records such as a listing of electronically stores information, and may include title, subject matter, or first line of the document information and the date of the document.

10.    "Computer Program" means a set of instructions or steps, usually in symbolic form, that generates machine instruction and tells the computer how to handle a problem or sort information.

11.    "Computer System" means as assembly of computer operations and procedures, persons, equipment, and hardware and software, united by some form of regulated interaction to form an organized whole.

12.    "Computer System Media" means the type of material used for storage of electronic information and includes floppy disks, hard drives, and magnetic tapes.

13.    The term "contractual indemnity agreements" means any agreement whereby any person or business firm may be liable to pay a sum of money upon the happening of a particular event or contingency or upon the occurrence of a loss, judgment, peril or risk.

14.    "Cost benefit" means any study, analysis or activity, by whatever name called, which has as its purpose, or serves the purpose of, assisting in the determination of the relative cost of any action or inaction considered by the

Defendant and the estimated economic benefit of all alternatives, actions, or inactions considered.

15.   "Defendant" means name of defendant.

16.   "Defendant's Computer System" means any and all "Computer Equipment" or "Computer Systems" located at the defendant's premises or accessible for use by defendant.

17.   The term "documents" is used in the broadest sense of that term and includes, in addition to the definition of documents in Rule 166b(2)(b) of the Texas Rules of Civil Procedure, the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of record of meetings or conversations, firm interpretations, exceptions, position papers, guidelines publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials,: minutes, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or type written forms, indices, agreements, canceled checks, correspondence, memos, data on computer, storage, data on computer disks, data stored on computer backup, telephone message slips, sketches, notes of conversations, and all other written, printed, typed, or other reported matter (including electronic or magnetic recordings), photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

18.   "EEO assurance" means any and all efforts, including, but limited to, record keeping, studies, tests, inspections, audits, and examinations, and other activities conducted by or on behalf of you for the purpose of ascertaining whether or not your company provides its employees equal employment opportunities and an environment free of discrimination and harassment.

19.   "EEO" means equal employment opportunity.

20.   "EEOC" means the Equal Employment Opportunity Commission.

21.   "E-Mail" means an electronic massaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

22.  "Governmental entity" means any governmental organization including, but not limited to, any international, federal, state, regional, county, parish, city (whether incorporated, unincorporated, or home rule) elective body, appointed body, legislative body, board, commission, agency, department, division, subdivision, and any other department or division of any of the previously listed entities.

23.  "Identify" or "name" means to provide the complete identity, to the extent known or ascertainable by you or your attorneys, agents, directors, officers, employees, partners, subsidiaries and affiliates, and includes, without limitation, a request for the following information:

a.  Where the term to be identified is a person, the person's full name, present or last known address and telephone number, and present or last known employer;

b.  Where the term to be identified is a document, its character or title, the date it was created, and the author or signatory;

c.  Where the item to be identified is a statement, the exact language or nature of the statement and the person who made the statement; and

d.  Where the information to be identified is a lawsuit, the name of the lawsuit and the court where it was filed.

24.  The "incident" means the facts and circumstances concerning the subject of this lawsuit.

25.  "Income" shall mean any type of remuneration including, but not limited to, wages, pay, commissions income listed on a W-2, bonuses, emoluments, and remittances.

26.  "Industry group" and "industry groups" mean any association, company, corporation, or trade group that includes in its membership individuals, companies, corporations, safety organizations, or employment organizations. Examples of such industry groups include, but are not limited to, the Better Business Bureau, Society for Human Resource Management, Advocacy, Inc., National Organization of Women, Equal Employment Advisory Council, National Chamber of Commerce, Institute for Injury Reduction, Job Accommodation Network, NEMA, National Employee Rights Institute, National Employment Law Project, 9 to 5/National Association of Working Women, Government Accountability Project, Taxpayers Against Fraud, National Safety Council, International Occupational Safety & Health Information Center, National Institute for Occupational Safety & Health, and the British Standards Institute.

27.  "Insurance carriers" means any and all insurance carriers whether primary, excess or a reinsurer.

28. "Insurance policy" means any type of agreement or insurance policy under which any person or organization may be liable to pay all or part of any judgment which may be entered in this lawsuit, or to indemnify or reimburse for the costs or attorneys' fees incurred in being a party to this lawsuit, or to indemnify or reimburse for payments made to satisfy any judgment entered in this lawsuit. "Insurance policy includes all types of insurance policies, including but not limited to, comprehensive director and officer, errors and omissions, general liability bonds, workers' compensation, limited liability, automobile, boiler and machinery, nuclear, fidelity, personal injury, property care, custody and control, contractual liability insurance, commercial blanket bond coverage, builder's risk, employment practice liability, all risk, excess and umbrella. Further, "insurance policy" means and includes, but is not limited to, all insurance policies and attachments thereto, and other similar documents pertaining to the insurance policy, including, but not limited to, declaration pages, certificates of insurance, exclusions, endorsements, amendments, riders, and binders.

29. The "last ten years to the present" means ten years preceding, the service of this discovery through the present. Pursuant of the supplementation requirement under the Rules of Procedure, you are hereby requested to update your answers regarding all complaints, lawsuits, settlements, information, documents, etc., that arise or are created or come to your attention during the pendency of this lawsuit.

30. "Medical facility" means any place where a person receives any medical or mental health assistance, treatment, advice, care, or counseling fr any illnesses, conditions, or problems. This includes first aid stations, Medi-stop, nurses stations, clinics, hospitals, emergency rooms, treatment centers, church counseling, non-profit counseling, doctors' offices, etc.

31. "Medical professional" or "person(s) practicing the medical or healing arts" means anyone providing assistance to you for health, medical, or mental problems. This includes but is not limited to, doctors, counselors, psychiatrists, psychologists, pastors, ministers, priests, faith healers, shamans, medicine men, rabbis, nurses, mid-wives, therapists, acupuncture practitioners, specialist in holistic medicine or alternative healing methods.

32. "Operating System" means an organized collection of programs for operating a computer, usually part of a software package defined to simplify housekeeping such as input/output procedures, sort merge generators, and so on.

33. "Opposing attorney" means the attorney who represents the plaintiff/defendant upon whom these discovery requests were served.

34.    "Or" and "and" mean or/and.

35.    "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint venturers, or any government or governmental entity, commission, or agency and any divisions or departments or other nits of any of the entities defined herein.

36.    "Photographs, "photo, "videos, and "videotapes" mean all films, negatives, slides, photos, digital images, visual images stored on computers, Polaroid, movie pictures, videotapes, movies, and pictures, whether developed or not.

37.    "Plaintiff" means (name).

38.    "Purge" means to periodically or randomly delete or take off of the "Computer system E -Mail" messages and transfer this information to "Back-Up Tapes" to restore or make usable computer memory.

39.    "User" means a person who has access to a computer or in any manner uses or directs another to use any information stored in or generated by a computer.

40.    The "Rules of Civil Procedure" means the Federal Rules of Civil Procedure.

41.    "Study" and Studies" mean any study made by or on behalf of the Defendant or a study made by some other person, firm or corporation to which the Defendant referred in deciding on a course of action including, but not limited to, firing, promoting or demoting employees, downsizing or reorganization, elimination, combination, sale or purchase of departments, divisions, subsidiaries or other companies.  The word "study" includes marketing analysis, predictive analysis, tests, quality assurance analysis, documentation of, summaries, or analysis of options, courses of action, costs, and benefits.

42.    "TCHR" means the Texas Commission on Human Rights.

43.    "Tests" mean any tests given or made by, or on behalf of, the Defendant or tests made by some other person, firm, or corporation that Defendant used. The word "tests" includes written and oral tests, skills tests, and static and dynamic tests.

44.    "This lawsuit" means the lawsuit identified in the style on the first page of this collection of documents.

45.    "Through the time of trial" shall mean from the number of years specified prior to the date this discovery was propounded through the time the parties

in this lawsuit begin conducting voir dire.

46. "Trade secret" or "trade secrets" means any confidential data, lists, compilations, systems, material or information relating to any aspect of business or operations including, but not limited to , any secret or confidential information pertaining to the business, customers, trade or industrial practices, policies, procedures, guidelines, forms, checklists, blueprints, trade secrets, technologies, recipes, systems, methods, confidential proprietary business methods, "know how" and similar information.

47. "TWCC" means the Texas Workers' Compensation Commission.

48. "TWC" means the Texas Workforce Commission.

49. "Voice Mail" means magnetic, digital, or electronic telephonic message storage or archiving of messages originally contained on a telephone system, answering machine, or from an independent telephone service company.

50. "You," "your," "yours," and "yourself," mean the defendant upon whom these discovery requests were served.

51. "Your associates" means your agents, servants, partners, limited partners, subsidiaries, affiliates, principals, privies, directors, officers, joint venturers, or representatives.

52. "Your attorneys" means the attorneys hired to represent you in or consult with you about this lawsuit or any previous labor and employment law matter.

53. "Your employees" means any person employed by you who completed a W-2, whether employed full-time, part-time or temporarily.  The term "your employees" shall also include anyone who worked for you that was a borrowed employee or provided by a temporary employment agency or company.

54. "Your joint venturers" means all of your divisions, subsidiaries, parent corporations, joint venturers, partners, and affiliated corporations with whom you are joint venturers or partners, or share employees, directors, stock ownership or interlocking directorships.

55. The singular shall include the plural and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, Texas 78521
(956) 550-1115 Telephone
(956) 550-1134 Facsimile

BY:

MIGUEL SALINAS
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750

# INTERROGATORIES

**INTERROGATORY NUMBER 1:** Please state your full legal name, job title, home address and home phone number and the name of any person(s) who have assisted you in answering these interrogatories.

ANSWER:

**INTERROGATORY NUMBER 2:** Please identify by name, home address and home telephone number, all persons known to you, your attorney or other agents having knowledge of relevant facts, and briefly state what each such person's knowledge is.

THIS INTERROGATORY NECESSARILY INCLUDES , BUT IS NOT LIMITED TO, ALL WITNESSES YOU OR YOUR ATTORNEY INTEND TO CALL DURING THE TRIAL OF THIS CAUSE. THE TESTIMONY OF ANY PERSON NOT IDENTIFIED IN RESPONSE TO THE INTERROGATORY WILL BE SUBJECT TO SUPPRESSION AT THE TIME OF TRIAL.

ANSWER:

**INTERROGATORY NUMBER 3:** With regard to each expert witness you expect to call as a witness at the time of trial, please state in detail:

    a.      Name and address of the expert;

    b.      The subject matter upon which expert may testify;

    c.      Whether said expert has rendered to you or your attorney or other agent a written report;

    d.      If said expert has rendered a written report, please state verbatim the contents of the report, or alternatively, attach a copy of it;

    e.      Please state the opinions that said expert hold with regard to the subject matter upon which he may testify and the factual basis for the same;

    f.      Whether said expert is to be compensated for his work in connection with this action, and if so, how much he or she is to be paid; and

    g.      Whether such expert has testified at a previous proceedings, whether at trial or at a deposition, or otherwise, and if so, please give a rough estimate of the

number of such occasions.

ANSWER:


**INTERROGATORY NUMBER 4:** State the defendant's "net worth" for the current year, and for the year Plaintiff's employment with the Defendant ceased.

ANSWER:


**INTERROGATORY NUMBER 5:** If you contend that Plaintiff has failed to mitigate his damages, identify all facts, proof, or evidence on which you base this contention including any job offers that you claim Plaintiff received that Plaintiff should have accepted.

ANSWER:


**INTERROGATORY NUMBER 6:** Please identify any and all documents that contain, in any manner, relevant facts which you contain indicate poor or less than desirable work performance on the part of the plaintiff.

ANSWER:


**INTERROGATORY NUMBER 7:** State the number of employees working for Defendant at the time of Plaintiff's terminations and the number of employees currently working for Defendant.

ANSWER:


**INTERROGATORY NUMBER 8:** Please state in detail the reasons why Plaintiff was terminated from GULF PACKING COMPANY.

ANSWER:

**INTERROGATORY NUMBER 9:** Identify all facts and documents which support your contention that the Plaintiff's employment with GULF PACKING COMPANY, was not terminated because of his age.

ANSWER:

**INTERROGATORY NUMBER 10:** If you contend that PLAINTIFF violated any of DEFENDANT employment policies, give the following:

     (a)    The specific policy violated, by stating verbatim the policy in question;

     (b)    The policy number (or any other symbol to identify the policy);

     (c)    The specific acts in violation of the policy(s);

     (d)    The date of the specific violation;

     (e)    Any remedial or punitive measures taken for such violation.

ANSWER:

**INTERROGATORY NUMBER 11:** In very specific detail give all the facts upon which you contend DEFENDANT had reason to complain about the work performance of the plaintiff.

ANSWER:

**INTERROGATORY NUMBER 12:** On what date was PLAINTIFF'S employment with the defendant terminated?

ANSWER:

**INTERROGATORY NUMBER 13:** Describe any negative entries in Plaintiff's personnel file including, but not limited to all reprimands, warnings, disciplinary actions, probation, complaints, or any type of disciplinary action taken against Plaintiff.

ANSWER:

**INTERROGATORY NUMBER 14:** Regarding plaintiffs termination of employment with DEFENDANT, give the following information:

     (a)    The names of all persons who took part in the decision to discharge the plaintiff;

     (b)    The names of all the persons who were consulted with respect to the decision to terminate the plaintiff;

     (c)    The names of all the persons who ratified or approved the decision to terminate the plaintiff;

     (d)    Identify and describe what discussion and conversations defendant's supervisors or management officials had concerning the decision to discharge the plaintiff.

ANSWER:

**INTERROGATORY NO. 15:** Identify pursuant to the Texas Rules of Civil Evidence any criminal convictions that you may use to impeach the plaintiff, Please do so by giving the following information:

     (a)    The type of criminal conviction, including what the plaintiff was charge with;

     (b)    The state, county and city where the alleged criminal activity occurred;

     (c)    The outcome of the criminal proceedings, such as, probation, or the number of years of punishment that is alleged to have been given to the plaintiff;

     (d)    Whether or not the plaintiff is currently on probation or has completed probation;

     (e)    The year that plaintiff was to have been convicted.

ANSWER:

**INTERROGATORY NO. 16:** Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years to the present by any persons, union or any other entity regarding an unfair labor or employment practices by DEFENDANT. Also requested is the identification of any written or oral complaints similar in kind to those made by the plaintiff in plaintiff's original petition.

If you have answered this interrogatory in the affirmative then answer (a) through (d).

If you have answered this interrogatory in the negative do not answer (a) through (d).

    (a)    The employee's name, address and phone number;

    (b)    Whether the employee was disciplined, discharged, laid off or demoted;

    (c)    The date of the act of discipline, discharge, lay off, demotion;

    (d)    The reason for the discipline, discharge, lay off or demotion.

ANSWER:


**INTERROGATORY NO. 17:** Identify every lawsuit filed in the last 10 years to the present against you, your predecessor or your successor corporations alleging any cause of act for wrongful discharge, discrimination and/or unfair labor or employment practices.

ANSWER:


**INTERROGATORY NO. 18:** If an internal investigation was made by the defendant corporation regarding the allegations made by the plaintiff, state what conclusion was reached as a result fo that investigation. Additional give the names, address and telephone numbers of all persons who either conducted or participated in this investigation.

ANSWER:


**INTERROGATORY NO. 19:** Identify every written or oral complaint made or filed in the last 10 years to the present against you or your predecessor or successor corporations with any governmental entity including, but not limited to, the Federal Trade Commission, the EEOC, the Texas Commission on Human Rights, any state or federal Attorney General, the Texas Workforce Commission, the Texas Workers' Compensation Commission, or the Industrial Accident Board, regarding wrongful discharge, age discrimination, or any unfair labor or employment practices.

ANSWER:


**INTERROGATORY NO. 20:** Identify each and every allegation in Plaintiff's Petition filed in this lawsuit which you assert is false or inaccurate, and detail specifically all facts, proof, or evidence you claim prove these allegations are false or inaccurate, and identify the true or accurate facts which demonstrate the falsity or inaccuracy of such allegations.

ANSWER:


**INTERROGATORY NO. 21:** Describe the work performance of Plaintiff while Plaintiff was employed with you.

ANSWER:

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant, has been delivered to the following attorneys of record on this the __31 st__ day of __October__, 2001 VIA: HAND DELIVERY:

Hon. Terry Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
MIGUEL SALINAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARGARITO L. MALDONADO        §
                              §
                              (a)   CIVIL ACTION NO. B-01-012
VS.                           §
                              §
GULF PACKING COMPANY          §

## PLAINTIFF MARGARITO MARLDONADO'S
## REQUESTS FOR PRODUCTION TO DEFENDANT

**TO:**   Defendant, GULF PACKING COMPANY, by and through his attorney of record:

Hon. Terry Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

The following Requests for Production are propounded to Defendant, GULF

PACKING COMPANY, and are to be answered by it in accordance with the Federal Rules

of Civil Procedure.

Full responses to these request for production are to be served on Plaintiff at the

office of this attorney within thirty (30) days of the date you received them, as set forth in

the Federal Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, Texas 78521
(956) 550-1115 Telephone
(956) 550-1134 Facsimile

BY _____
MIGUEL SALINAS
Federal I.D. No. 15171

1

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** PLAINTIFF'S personnel file.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** DEFENDANT'S payroll records, earning records and overtime records pertaining to Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** All files and documents pertaining to employee benefits applicable to PLAINTIFF.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** All documents which relate to PLAINTIFF'S termination of employment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:** The defendant's Articles of Incorporation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** All documents relating to or reflecting plaintiff's job performance, performance reviews, appraisals, job evaluations, achievements and awards.

RESPONSE:

2

**REQUEST FOR PRODUCTION NO. 7:** All documents relating to or reflecting any consideration of the promotion of PLAINTIFF.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 8:** All documents pertaining to or relating to plaintiff's contract of employment with defendant or the employment relationship between plaintiff and defendant.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 9:** All documents relating to or reflecting the facts or circumstances of any actual, apparent or possible failure of plaintiff to perform his job duties or any substandard job performance by plaintiff.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 10:** All documents relating to or reflecting the facts and circumstances of any discipline of plaintiff or concerning any alleged misconduct engaged in by plaintiff.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 11:** All documents memorializing or in any way recording or reflecting any words, statements, declarations, conversations, or other communications by plaintiff which relate to any of the following categories of the subject matter:

  (a)   Plaintiff's employment record.

  (b)   Plaintiff's work record and disciplinary record.

  (c)   The termination of Plaintiff's employment.

  (d)   Plaintiff's future employment intentions.

3

(e)      All incidents relating to or leading up to Plaintiff's termination.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:** All documents which constitute or reflect the facts and circumstances of plaintiff's original hiring by defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:** All documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding the following:

(a)      Plaintiff's termination and the circumstance thereof.

(b)      Plaintiff's original hiring.

(c)      Plaintiff's job performance.

(d)      Plaintiff's potential transfer or reassignment.

(e)      Complaints against plaintiff or complaints against plaintiff's work performance.

(f)      Any misconduct or violations of company rules engaged in by plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of all documents you provided to the Texas Workforce Commission regarding Plaintiff.

RESPONSE:

4

**REQUEST FOR PRODUCTION NO. 15:** All documents which constitute or reflect defendant's rules and policies regarding job security, reassignment, discipline, and termination, effective during the period of employment of the plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:** All company personnel and policy manuals, handbooks, and other rules and memorandum concerning employee discipline, policies and rules concerning discipline and termination in use during that period of time in which the plaintiff was employed with the defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:** All documents which constitute or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of plaintiff and the employee who succeeded in Plaintiff's position with DEFENDANT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:** The most recently created Organizational chart of DEFENDANT for the location at which the plaintiff was employed.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:** The personnel file for any previous or existing employee of the defendant who has filed a lawsuit against DEFENDANT, its managers or supervisors, for acts which could constitute or to which the complainant believed, to be harassment, discrimination or layoff or termination of that employee allegedly due to an injury he or she received or for the application of benefits through the defendant's worker's compensation carrier. Such request is limited to those employees who have filed a lawsuit in the last three years.

RESPONSE:

5

**REQUEST FOR PRODUCTION NO. 20:** All documents relied upon in the termination of the plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:** All documents upon which defendant may rely in the preparation of its case or may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:** All documents containing statistical data relied on, reviewed or prepared by an expert who may testify in this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:** All statements of witnesses or potential witnesses or persons interviewed in connection with this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:** All papers and documents possessed by defendant concerning any incidents where (such request) is limited to the last five years, including this year where:

Employees were reprimanded, suspended or terminated for asserting their rights under the Texas Commission on Human Rights Act, Title VII, the Americans with Disabilities Act, or the Age Discrimination in Employment Act.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:** Please produce a copy of the employee handbook in force at the time of Plaintiff's termination.

RESPONSE:

6

**REQUEST FOR PRODUCTION NO. 26:** Any and all expert reports which have been obtained form any expert and if a report has not been prepared, the preparation of a report is hereby requested

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:** True and correct copies of all document evidencing reports, analysis, studies, diagrams or other written material of whatever form regarding the subject matter of this suit which was prepared by an expert and which is to be used by that expert in testifying in this cause or which was prepared by one expert and is to be used by another testifying expert in the trial of this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 28:** Curriculum Vitae of all experts who may testify in this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:** Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but no limited to any directors and officers' liability insurance policy covering the officers and directors of the defendant corporation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:** Copies of any and all statement previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or other wise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

RESPONSE:

7

**REQUEST FOR PRODUCTION NO. 31:** A copy of any contract of employment that would govern the relationship with any other party or bear on the issue of scope of employment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 32:** A copy of any letter, memo or document relating to any settlement agreement between defendant and a third party. By "Third party" is meant, any individual or business entity, with an interest in this lawsuit, who could be a potential witness to this lawsuit, or a person who was the previous victim of an alleged harassment or discrimination by any of the defendant's employees or agents.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 33:** A copy of any surveillance movies, videotapes, photos, laser-copies, graphics, computer generated or otherwise, to be used by the defendant in the trial of this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:** A copy of any promotional film showing who DEFENDANT is and what they do. This request is limited to any film created or used in the last five years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:** The personnel file of the individual(s) who replaced the plaintiff, at his employment with DEFENDANT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:** Any documents, reports or other written records pertaining to any investigation pertaining to the incident made the basis of this lawsuit that is not privileged at law.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:** Please produce all policies, procedures, statements, programs, seminars, memos or other similar documents which evidence, relate or refer to your efforts to comply with the Age Discrimination in Employment Act.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:** Any documents which exhibit or reflect the ownership interest by an individual(s) or entity/entities in DEFENDANT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:** A copy of any Answer filed, within the last six years, on behalf of DEFENDANT, to a lawsuit filed against it due to allegations that it violated the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act, The American Disability Act, or The Age Discrimination in Employment Act.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:** Please produce all policies, procedures, statements, programs, seminars, memos, or other similar documents which evidence, relate or refer to your efforts to prevent age discrimination.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:** Please produce all documents that support your allegation Plaintiff was not discharged because of his age.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 42:** All employee rosters, list of employees, corporate phone books or other compiled notations which reflect, record or evidence the name and/or address and/or telephone number of persons employed with DEFENDANT, FOR THE LAST FOUR YEARS, INCLUDING THIS YEAR.  This request is specifically limited to DEFENDANT'S location at which plaintiff was employed.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 43:** Please produce a list of the employees that have been discharged from one year prior to Plaintiff's discharge to the present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:** All of DEFENDANT'S most recent tax records. The purpose of this request is to determine the defendant corporation's net worth.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:** As to each individual who has filed a wrongful discharge lawsuit against the defendant corporation, within the past four years, produce the following:

    (a)     This individual's personnel file.

    (b)     All termination letters, exit documents, severance documents and other such documents relating to this individual's termination from the defendant corporation.

    (c)     All documents relating to or reflection the facts or circumstances of any actual, apparent or possible failure of this individual to perform his job duties

REQUEST FOR PRODUCTION                                                                 10

or any substandard job performance by this individual.

(d)     All documents relating to or reflecting the facts and circumstances of any discipline of this individual or concerning any alleged misconduct engaged in aby this individual.

(e)     All documents relating to or reflecting this individual's job performance, performance reviews, appraisals, job evaluations, achievements and awards.

(f)     All documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding Plaintiff's termination and the circumstances thereof.

(g)     All documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding this individual's job performance.

(h)     All documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding any misconduct or violations of company rules engaged in by this individual.

(i)     All documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, which support defendant's position as to why this individual was terminated or laid off.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46:** Produce a complete copy of DEFENDANT, employee Relations Manual that was in effect during the period of time plaintiff was employed.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47:** All lists of employees, or other compiled notations which reflect, record or evidence employees who were fired, terminated or laid off from DEFENDANT, for the last four years, including this year. This request is limited to DEFENDANT'S location where the plaintiff was employed. This request seeks documents containing the name, address and telephone number of persons who were fired, terminated or laid off. If the name, address and telephone number are not on the document plaintiff still requests the remaining information.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48:** The most recently created Organizational chart of DEFENDANT, for the Rio Grande Valley or South Texas division.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 49:** Produce all documents which evidence, refer to, or relate to your efforts to comply with Texas Commissions on Human Rights Act or Title VII.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50:** Produce all petitions and counterclaims filed in the last 10 years to the present alleging that you improperly terminated or retaliated against any employee complaining of wrongful discharge or discrimination, or that some unlawful employment action was taken against them.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 51:** Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies, or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last five (5) years regarding your policy on discrimination, harassment, or the treatment of employees at the workplace.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 52:** Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies, or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities on your policy on reporting incidents of discrimination..

RESPONSE:

**REQUEST FOR PRODUCTION NO. 53:** Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies related to discrimination, harassment, or the reporting of discriminatory practices.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 54:** Produce all minutes, interoffice correspondence, tape recording, or other documents related in any way to any discussion of whether to discipline, place on probation, or terminate the Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 55:** Produce all documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you

RESPONSE:

**REQUEST FOR PRODUCTION NO. 56:** Produce an organization chart showing all of the people working above Plaintiff in your organization at the time of the incidents the subject of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 57:** Produce all documents, including internal memoranda, which evidence, refer to or relate to the quality of Plaintiff's job performance.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 58:** Produce any employee manual, handbook, or other document reflecting the general employment terms, conditions, and/or duties of Plaintiff with you.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 59:** Produce all cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of any meeting, conversation or event which Plaintiff was a participant or topic of discussion.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 60:** Produce all notes, memoranda, statements and/or affidavits taken by any person who investigated the complaint filed by Plaintiff against the Defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 61:** Produce all documents reviewed by persons who participated in the decision to discharge the Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 62:** Produce all notes, statements and documents used by DEFENDANT, in preparation of the written response to the Texas Commission on Human Rights or the Equal Employment Opportunity Commission.

RESPONSE:

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this document has been delivered to the following attorneys of record on this the 3\st day of October , 2001 VIA: facsimile and regular mail:

Hon. Terry Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
MIGUEL SALINAS

REQUEST FOR PRODUCTION                                                    15