United States District Court
Southern District of Texas
FILED

DEC 17 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITO L. MALDONADO,<br>Plaintiff, | §<br>§<br>§ | |
| | § | CIVIL ACTION NO. B-01-012 |
| v. | §<br>§ | |
| GULF PACKING CO.,<br>Defendant | §<br>§<br>§ | JURY TRIAL DEMANDED |

## DEFENDANT'S PROPOSED JOINT PRETRIAL ORDER[1]

### I.

### APPEARANCE OF COUNSEL

Miguel Salinas
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
(956) 574-9502

Attorney for Plaintiff

Raymond A. Cowely
Teri L. Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
(956) 542-7441

Attorneys for the Defendant

### II.

### STATEMENT OF THE CASE

The plaintiff alleges that he was terminated from his employment with Gulf Packing Company on September 3, 1999 because of his age (63) and disability (heart condition, "foot drop"), in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 623, and the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101. Gulf Packing Company asserts that plaintiff was terminated for financial reasons in connection with decreasing company sales. Neither plaintiff's age nor his alleged disabilities played any role in the Company's decision to terminate plaintiff's employment.

---

[1] Defendant's counsel attempted to contact plaintiff's counsel in an effort to file a joint pre-trial order, as set forth in the court's scheduling order in this case. However, defendant's counsel received no response from plaintiff's counsel, and therefore submits its proposed joint pre-trial order.

## III.

## JURISDICTION AND VENUE

The court has jurisdiction of this case pursuant to the ADEA and the ADA. Plaintiff's employment with Gulf Packing Company occurred in Cameron County, Texas. Therefore, venue in this court is likewise proper.

## IV.

## MOTIONS

Defendant's Motion for Summary Judgment and Motion for Protective Order are both pending before the court and ripe for determination.

## V.

## CONTENTIONS OF THE PARTIES

A. PLAINTIFF'S CONTENTIONS

B. DEFENDANT'S CONTENTIONS

Gulf Packing Company denies that plaintiff's termination was the result of anything other than economic considerations in connection with decreasing company sales. Neither plaintiff's age nor his disability played any role in the company's decision to terminate his employment. Plaintiff cannot establish a *prima facie* case of either age or disability discrimination. Plaintiff was not replaced by the company after his termination, and plaintiff is not disabled as defined by the ADA. Nor can plaintiff produce any evidence showing that the company's articulated reason for its decision was a mere pretext for discrimination.

## VI.

## ADMISSIONS OF FACT

1. Plaintiff was born on October 25, 1938. Plaintiff began working for Gulf Packing in 1980 at age 42 as the plant superintendent.

2. Gulf Packing is a meat processing plant located in Brownsville, Texas.

3. Plaintiff was hired by Charles Both and H.O. Mills, both of who are over 40 years of age.

4. Plaintiff held the job of plant superintendent during his entire tenure with Gulf Packing, and was responsible for overseeing the plant operations.

5. At the time of plaintiff's termination, plaintiff's supervisors were Booth and Carlos Salinas. Salinas is 51 years of age.

6. Plaintiff was terminated from his position on September 3, 1999.

7. Plaintiff was aware of the company's decreasing sales.

8. No positions were available at the time of plaintiff's termination.

9. Employee Steve Boaz was the company's comptroller. Boaz is over 40 years of age.

10. Plaintiff underwent heart bypass surgery in 1995.

11. After his heart surgery, plaintiff returned to Gulf Packing full time, with a restriction that he not lift more than 20 pounds.

12. No one at Gulf Packing ever asked plaintiff to violate his 20 pound weight-lifting restriction and plaintiff was completely able to perform his job upon his return.

13. Plaintiff's heart condition has not limited anything he could do prior to his heart surgery. Plaintiff's heart condition did not require any changes to his job duties at Gulf Packing.

14. Plaintiff never required time off from work because of his "foot drop," and this condition does not limit any of plaintiff's activities.

15. Plaintiff never requested any accommodation for either his heart condition or his foot condition.

16. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights on February 19, 2000, alleging age and disability discrimination.

## VII.

## CONTESTED ISSUES OF FACT

1. Whether plaintiff can establish a *prima facie* case of age discrimination.

2. Whether plaintiff can establish a *prima facie* case of disability discrimination.

3. Whether plaintiff is disabled as defined by the Americans with Disabilities Act.

4. Whether plaintiff was substantially limited in any major life activity.

5. Whether plaintiff can establish that the company's articulated reason for terminating his employment was a pretext for discrimination.

6. Whether plaintiff has suffered any damage as the result of his termination.

7. Whether plaintiff is entitled to attorney's fees.

## VIII.

## EXHIBITS

Attached is defendant's Exhibit list. The parties anticipate viewing and/or exchanging Exhibit lists and proving the court with a copy of Exhibits at the time of trial. The parties will mark their own Exhibits prior to trial.

## IX.

## WITNESSES

Gulf Packing Company anticipates that the following individuals may testify at trial of this matter:

1. Margarito Maldonado
   3935 Dana Street
   Brownsville, Texas 78521
   (956) 546-7792

2. Carlos Salinas
   618 Commerce Street
   San Benito, Texas 78586
   (956) 399-2631

3. Charles Booth
   618 Commerce Street
   San Benito, Texas 78586
   (956) 399-2631

4. Steve Boaz
   618 Commerce Street
   San Benito, Texas 78586
   (956) 399-2631

If other witnesses to be called at trial become known, their names and addresses will be reported to opposing counsel as soon as they are known. This does not apply to rebuttal or impeachment witnesses.

# X.

# SETTLEMENT

Plaintiff has made no settlement demands in this matter.

# XI.

# TRIAL

The probable length of trial is 2 working days. All witnesses will testify either live or by deposition.

# XII.

# ATTACHMENTS

1. Defendant Gulf Packing Company's proposed jury charge and instructions.

2. Defendant's Gulf Packing Company's exhibit list.

3. Defendant Gulf Packing Company's proposed voir dire questions.

4. Defendant Gulf Packing Company's motion in limine.

Respectfully submitted,

_____
Raymond A. Cowley
State Bar I.D. No. 04932400
Federal No. 8642
Teri L. Danish
State Bar No. 05375320
Fed. No. 12862
1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax : (956) 541-2170

ATTORNEYS FOR DEFENDANT
GULF PACKING COMPANY

## CERTIFICATE OF SERVICE

I, Teri L. Danish, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on the 17th day of December, 2001.

Mr. Miguel Salinas
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520

_____
Teri L. Danish

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITO MALDONADO | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-012 |
| | * | |
| GULF PACKING COMPANY | * | |

**DEFENDANT'S PROPOSED JURY CHARGE**

MEMBERS OF THE JURY:

You have now heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means

1

evidence that persuades you that the plaintiff's claim is more likely true than not true. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for Gulf Packing Company as to that claim.

Do not let bias, prejudice or sympathy play any part in your deliberations. A business like Gulf Packing Company and all other persons are equal before the law and must be treated as equals in a court of justice.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. The testimony of a single witness may be sufficient to prove any fact, even if a greater

number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on

3

the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.[1]

---

[1] Fifth Circuit Pattern Jury Instructions 3.1, *et seq.*

4

Plaintiff in this case alleges that Gulf Packing Company terminated his employment because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Gulf Packing denies that plaintiff was terminated because of his age, but rather was terminated because of decreasing company sales.

Under the ADEA, it is unlawful for an employer to discriminate against any employee because of that employee's age when the employee is 40 years of age or older. The plaintiff has the burden of proving by a preponderance of the evidence that he was 40 years of age or older at the time he was terminated, and that age was a motivating factor in Gulf Packing's decision to terminate his employment. The mere fact that the plaintiff is over 40 years of age and was terminated is not sufficient, in and of itself, to establish plaintiff's claim. Rather, plaintiff must prove that his age actually played a role in Gulf Packing's decision to terminate his employment and had a determinative influence on that decision.

If you find that plaintiff has failed to prove by a preponderance of the evidence that Gulf Packing terminated his employment because of his age, you must find in favor of Gulf Packing.[2]

---

[2] Federal Jury Practice and Instructions – Civil – §173.20 (West 2001).

5

Plaintiff also claims that he is disabled, and that Gulf Packing unlawfully terminated him, because of a disability in violation of the Americans with Disabilities Act ("ADA"). Plaintiff must first prove by a preponderance of the evidence that he is disabled under the ADA. It is not sufficient for plaintiff to simply show that he suffers from a physical impairment. Instead, plaintiff must prove that he suffers an impairment that substantially limits one or more major life activity. You must consider the following factors in determining whether plaintiff is substantially limited in any major life activity: 1) the nature and severity of the impairment; 2) its duration or expected duration; and 3) its permanent or long-term impact.

You are instructed that transitory or temporary conditions are not disabilities under the ADA. You are further instructed that major life activities include activities such as caring for oneself, eating, or breathing. Recreational activities are not considered major life activities under the ADA.

If you find that plaintiff is not disabled under the ADA, then you must find for Gulf Packing.[3]

---

[3] 42 U.S.C. §12102(2); 29 C.F.R. §1630.2(j); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999)

Even if plaintiff proves by a preponderance of the evidence that he is disabled under the ADA, plaintiff must also prove that he was terminated because of that disability. The mere fact that plaintiff is disabled and was terminated is insufficient to establish his claim. Instead, plaintiff must prove from a preponderance of the evidence that Gulf Packing actually considered his disability in making the decision to terminate his employment, and that his disability had a determinative influence on the decision. If you find that plaintiff has failed to prove that Gulf Packing terminated his employment because of his disability, then you must find for Gulf Packing.[4]

---

[4] *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394 (5th Cir. 1995).

7

If and only if you find that plaintiff proved by a preponderance of the evidence that Gulf Packing terminated his employment because of his age, or disability, then you must determine the amount of damages, if any, that plaintiff has sustained.

You are to award plaintiff an amount equal to the pay that plaintiff would have received from Gulf Packing had plaintiff not been discharged from the time that plaintiff was discharged until the date of trial.

You are instructed that plaintiff is required to make every reasonable effort to minimize or reduce his damages by seeking employment. This is referred to as "mitigation of damages." If you determine that plaintiff is entitled to lost compensation, you must reduce the loss by:

1. The amount plaintiff earned;

2. The amount plaintiff could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1. The type of work;

2. The hours worked;

3. The compensation;

4. The job security;

5. The working conditions; and

6. Other conditions of employment.

You must decide whether plaintiff acted reasonably in not seeking or accepting a particular job. If you determine that plaintiff did not make reasonable efforts to obtain

8

another similar job, you must decide whether any damages resulted from plaintiff's failure to do so. You must not compensate plaintiff for any portion of his damages resulting from his failure to make reasonable efforts to find other work. You are further instructed that you may not include or add to the damages any sum for the purpose of punishing Gulf Packing, or serving as an example to warn others.[5]

---

[5] Federal Jury Practice and Instructions – Civil §§173.74, 173.80 (West 2001)

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| MARGARITO L. MALDONADO | * | |
| --- | --- | --- |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-012 |
| | * | |
| GULF PACKING COMPANY | * | |

## DEFENDANT'S EXHIBIT LIST

| EX. NO. | DESCRIPTION | MARKED | OFFERED | OBJECT | ADMIT | DATE | Disposition after trial |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | Sales Records For Gulf Packing Company, years 1989-1999 | | | | | | |
| 2 | Plaintiff's personnel file | | | | | | |
| 3 | Plaintiff's medical records from Roberto Robles | | | | | | |
| 4 | Plaintiff's medical records from Valley Regional Medical Center | | | | | | |

pg. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITO MALDONADO | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-012 |
| | * | |
| GULF PACKING COMPANY | * | |

## DEFENDANT'S SUGGESTED VOIR DIRE

Defendant Gulf Packing Company submits the following list of suggested voir dire questions:

1. For each juror who has indicated prior juror service, please tell us briefly about the nature of the case in which you served as a juror. Did you find the experience satisfactory to you as a citizen? Was there anything about that experience that would influence your service in this case?

2. For each juror who has indicated that he or she has been a party to a lawsuit: Were you a plaintiff or a defendant? Was the lawsuit settled or did it go to trial? Were you satisfied with the result of your case? Was there anything about that experience that would influence your service in this case?

3. Does anyone know any of the attorneys or possible witnesses in the case? If so, how do you know them? Would anything about that acquaintance influence the way you would listen to the evidence in the case?

4. Is there anyone here who disputes the fact that a Company like Gulf Packing Company is entitled to the same consideration as an individual like the plaintiff?

5. Has anyone here, or any family member of anyone here, been discharged as part of a reduction in force?

6. Has anyone here or any close family member of anyone here, ever worked for Gulf Packing Company?

7. Has anyone here, or any close family member of anyone here, ever suffered from a disability?

8. Has anyone here ever received time off from work because of an illness or serious health condition?

9. Has anyone here ever suffered an on-the-job injury? If so, were you absent from work for a period of time? Did you receive workers' compensation benefits?

10. Does anyone here have a problem with the concept that, just because you may believe something is unfair, it may not be illegal or unlawful?