21

United States District Court
Southern District of Texas
FILED

DEC 28 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| MARGARITO L. MALDONADO § | |
| § | |
| VS § | C.A. B-01-012 (636(c)) |
| § | |
| GULF PACKING CO. § | |

## HEARING ON MOTION FOR SUMMARY JUDGMENT

Miguel Salinas present for Plaintiff. Teri L. Danish present for Defendant. Parties announced ready.

Plaintiff no longer is going on the disability claim. Only claim left is the age discrimination claim. After arguments of counsel, Court denies Motion for Summary Judgment. Case will be set for jury selection in January, 2002.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITO L. MALDONADO, | § | |
| Petitioner | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-012 |
| | § | |
| GULF PACKING CO., | § | |
| Defendant | § | |

## ORDER

BE IT REMEMBERED that on the 27th day of December, 2001, this Court held a hearing in reference to Defendant's Motion for Summary Judgment. Defendant claims that the Plaintiff can not establish a prima facie case of age discrimination, and that the Defendant's legitimate, nondiscriminatory reasons for Plaintiff's termination was not a pretext for age discrimination. Prior to the hearing, Plaintiff withdrew any claim for disability discrimination that he may have had.

## BACKGROUND

This is an action brought by Mr. Maldonado against his former employer, Gulf Packing Company. In the Plaintiff's complaint, he accuses Gulf Packing of violating the Age Discrimination Employment Act of 1967. Specifically, Plaintiff claims that as a sixty-one year old individual, he was terminated from Gulf Packing Company in violation of federal law. The Plaintiff was employed for nineteen years at Gulf Packing until his termination on September 3, 1999. At the time of both his hiring and firing, Maldonado was a Plant Superintendent with the Defendant company. Mr. Maldonado claims that over a period of time he was subjected to discriminatory treatment on account of his age that culminated in his termination from the

1

company. The Defendant claims that the decision to fire Maldonado was based entirely on the economic interests of the company, and had nothing to do with the Plaintiff's age.

## ANALYSIS

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party.[2] The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.[3]

After a hearing on the matter, it becomes apparent that there are issues of material fact that should be decided by a fact finder. Specifically, the question of whether Mr. Maldonado was terminated due to his age is one in which there is a genuine issue of material fact sufficient for the Plaintiff to survive the current summary judgment motion. Although some of the Plaintiff's evidence seems a bit far reaching, the parties obviously disagree as to whether the termination by Gulf Packing was a pretext for age discrimination in this case.

For the abovementioned reasons, it is the ruling of this court that there is a genuine issue of material fact that should be decided by a fact finder. As such, the Defendant's Motion for Summary Judgment is hereby be DENIED.

---

[1] FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, (1986).

[2] See Anderson, 477 U.S. at 255.

[3] See John v. State of La. (Bd. Of T. for State C. & U.), 757 F.2d 698, 712 (5th Cir.1985).

2

DONE at Brownsville, Texas this 28th day of December, 2001.

_____
Felix Recio
United States Magistrate Judge

3